KAREN NELSON MOORE, Circuit Judge, dissenting. I write separately because I believe that the evidence establishes a genuine dispute of material facts as to Ehrlich’s First Amendment retaliation claim. I therefore respectfully dissent from the majority’s analysis in section II.B. We will uphold a district court’s grant of summary judgment only if “no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law.” Jackson v. VHS Detroit Receiving Hosp., Inc., 814 F.3d 769, 776 (6th Cir. 2016); Fed. R. Civ. P. 66(a). A dispute of material fact is genuine if “the evidence is such that a reasonable jury could return a verdict for the non-moving party.” Ford v. Gen. Motors Corp., 305 F.3d 545, 551 (6th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In reviewing the evidence under Rule 66(a), “we view the evidence, ‘and all inferences drawn therefrom, in the light most favorable to the non-moving party.’ ” Keller v. Miri Microsystems LLC, 781 F.3d 799, 806 (6th Cir. 2015) (quoting Little Caesar Enters., Inc. v. OPPCO, LLC, 219 F.3d 547, 551 (6th Cir. 2000)). Summary judgment must not be granted if the party against whom the motion is made has produced evidence “such that a reasonable jury could return a verdict” in her favor. Id. The ultimate question on summary judgment is “whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.” Id. (quoting Anderson, 477 U.S. at 251-52, 106 S.Ct. 2505). The majority correctly notes initially that a prima facie case of First Amendment retaliation “has three elements: ‘(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct’; and (3) ‘the adverse action was motivated at least in part by the plaintiffs protected conduct.’ ” Maj. Op. at 650 (quoting Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). If the plaintiff meets her burden, the burden shifts to the defendant to demonstrate that he would have taken the same action absent the plaintiffs prqtected speech. Vereecke v. Huron Valley Sch. Dist., 609 F.3d 392, 400 (6th Cir. 2010). The majority focuses its analysis on the third element of the prima facie case “because failure to establish any element of a prima facie retaliation case results in the failure of that claim.” Maj. Op. at 650 (citing Vereecke, 609 F.3d at 403). In this regard, Thaddeus-Xs third element bears emphasis — that “the adverse action was motivated at least in part by the plaintiffs protected conduct.” Thaddeus-X, 175 F.3d at 394 (emphasis added). In concluding that summary judgment should be granted for Kovack, the majority overlooks critical disputes of material fact regarding both whether Ehrlich established that her protected speech was a motivating factor for her termination and whether Kovack produced undisputed evidence that he would have terminated Ehrlich’s employment absent her protected speech. The record contains evidence sufficient to create a material factual dispute regarding the motivation behind Kovack’s firing of Ehrlich. Ehrlich first points to the fact that she was disciplined by Kovack for informing Kovack that she intended to take a vacation day so that she could attend a training seminar. This is material to the question of causation because it occurred after Ehrlich provided to Kovack, the sheriff, and others, information about Kovack’s potential criminal activity. Ehrlich also adduced evidence that suggests her speech in 2014 bothered Kovack so much that he was considering replacing her. Additionally, Ehrlich placed in the record evidence that shows Kovack’s shifting motivations for placing Ehrlich on administrative leave. This evidence suffices to present a dispute on the material issue of causation. I would therefore conclude that a grant of summary judgment for Kovack based on the causation element of Ehrlich’s prima facie case is improper. I also believe that there exists a dispute of material fact regarding whether Kovack would have terminated Ehrlich’s employment in September absent her protected speech. True, several individuals indicated that Ehrlich’s behavior in the office on September 18 was threatening, insubordinate, and offensive. But because we are reviewing a summary-judgment motion, we must draw all inferences in favor of the non-moving party, and assume that Ehrlich’s factual allegations are true. Ehrlich testified at her deposition that the statements of employees claiming to be scared by her alleged behavior on September 18 constituted “lies” and that the employees’ statements were “untrue.” R. 89 (Ehrlich Dep. at 133) (Page ID #1673). Ehrlich’s deposition testimony, even in light of other employees’ statements to the contrary, is sufficient to preclude summary judgment on the question of whether Ehrlich’s actions on September 18 independently justified her termination. A fact-finder should weigh the competing testimony, judge credibility, and find the facts regarding the reason for Ehrlich’s termination — not this court. Therefore, I conclude that summary judgment cannot be granted on the issue of whether Kovack would have terminated Ehrlich’s employment absent her protected speech. Because I believe that the material factual disputes present in this case preclude a grant of summary judgment, I would reverse the judgment of the district court. The factual issues surrounding the circumstances of Ehrlich’s termination should be dissected at a trial, not by an appellate court on summary-judgment review. For those reasons; I respectfully dissent from section II.B. of the majority opinion.